**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 15, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DANIEL PEREZ CASTANO,

Defendant-Appellant.

No. 05-7040

(D.C. No. CR-04-089-02-P)

(E. D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

Defendant Daniel Perez Castano pled guilty to three criminal counts arising out of his attempt to purchase ten kilograms of cocaine from an undercover government agent

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and was sentenced to 211 months' imprisonment. Castano's counsel has filed a brief on Castano's behalf pursuant to Anders v. California, 386 U.S. 738 (1967), and moved for leave to withdraw as counsel. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, grant counsel's motion to withdraw, and dismiss the appeal.

On July 15, 2004, a federal grand jury indicted Castano on three criminal counts: (1) conspiracy to possess with intent to distribute, and knowing distribution of, ten kilograms of cocaine in violation of 21 U.S.C. § 846; (2) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). On August 20, 2004, Castano pled guilty, pursuant to a written plea agreement with the government, to all three counts alleged in the indictment. Under the terms of the plea agreement, Castano agreed to waive his right to appeal the sentence imposed in his case except to the extent, if any, that the district court departed upward from the applicable sentencing guideline range. On March 29, 2005, the district court sentenced Castano to 211 months' imprisonment, a term within the applicable guideline range. Castano filed a notice of appeal on March 31, 2005.

In the Anders brief, Castano's counsel acknowledges that, in light of Castano's agreement to waive his right to appeal, the appeal is wholly frivolous. Nevertheless, Castano's counsel notes two "possible errors" that occurred at sentencing: (1) the trial court's finding that the offenses of conviction involved ten kilograms of cocaine; and (2) the trial court's refusal to depart downward from the applicable sentencing guideline

range. The government, in its response, asks us to enforce the appeal waiver and dismiss the appeal.

In United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004), we adopted a three-pronged test for determining whether to enforce a waiver of appellate rights. Under this test, we ask "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." Id. Applying that test here, we conclude, after carefully examining the record, that the appeal waiver squarely covers the two issues asserted in the Anders brief and that Castano knowingly and voluntarily waived his appellate rights.[1] Further, Castano does not contend that enforcing his appeal waiver would result in a miscarriage of justice, nor do we find that to be the case. See id. at 1327 (outlining when a

_____

[1] During the plea hearing, the following colloquy occurred between the magistrate judge and Castano:

> THE COURT: On paragraph 5, you are – it says that you expressly waive any right of appeal in this case. You understand that you are waiving your right to appeal, –
> THE DEFENDANT: Yes, sir.
> THE COURT: – unless the Court departs upwardly from where the sentencing guidelines set your sentence?
> THE DEFENDANT: Uh-huh.
> THE COURT: Do you understand that what that means is that whatever sentence you get here will ultimately be the final sentence you get and there won't be taking any appeal from it?
> THE DEFENDANT: Yes, sir.
> THE COURT: You understand that?
> THE DEFENDANT: Yes.

ROA, Vol. II at 15-16.

miscarriage of justice can occur).  Thus, we conclude that the appeal waiver is enforceable and precludes this appeal.

Counsel's motion for leave to withdraw is GRANTED and the appeal is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge